**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

GUILLERMO QUINONES,                                                                                          PLAINTIFF
REG. #22965-004

v.                                              2:13CV00019-DPM-JJV

UNITED STATES OF AMERICA                                                                              DEFENDANT

**ORDER**

Pending before the Court is Plaintiff's Motion To Conduct Discovery, including submitting discovery requests to Defendants, taking depositions, and consulting with medical witnesses (Doc. No. 5.) In the alternative, Plaintiff asks the Court to appoint counsel.

To the extent that Plaintiff asks to submit discovery requests to the Defendants, his Motion is GRANTED.

With respect to Plaintiff's request for counsel, a civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). However, the Court may appoint counsel at its discretion. *Id*. *See* 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel, the Court must exercise "a reasoned and well-informed discretion." *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986). "The appointment of counsel 'should be given serious consideration . . . if the plaintiff has not alleged a frivolous or malicious claim' and the pleadings state a prima facie case." *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992) (quoting *In Re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The United States Court of Appeals for the Eighth Circuit has identified several factors the Court should consider when deciding a request for appointment of counsel. *Id*. These factors include the plaintiff's need for an attorney, the likelihood that plaintiff will benefit from assistance of counsel, the factual complexity

of the case, the plaintiff's ability to investigate and present his case, and the complexity of the legal issues. *Id.* At this time, Plaintiff's claims do not appear legally or factually complex, and it appears that he is capable of prosecuting his claims without appointed counsel. Therefore, Plaintiff's alternative request for counsel is DENIED without prejudice.

With regard to Plaintiff's request to take depositions, the Federal Rules of Civil Procedure require that the party seeking to depose a witness bears the recording costs. FED.R.CIV.P. 30(b)(3). Given Plaintiff's indigent status, it appears Plaintiff would be unable to bear this expense. Therefore, if Plaintiff wishes to pursue a deposition, he must first arrange for payment of recording the deposition. Finally, Plaintiff will also bear the expense of obtaining a medical expert at this stage of the proceedings. Therefore, Plaintiff's Motion to take depositions and consult with medical experts is DENIED without prejudice.

IT IS SO ORDERED this 3rd day of April, 2013.

                                                JOE J. VOLPE  
                                               UNITED STATES MAGISTRATE JUDGE